# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1165V
Filed: March 9, 2018
UNPUBLISHED

| | |
|---|---|
| KATHRYN S. LEFFLER,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Daniel Henry Pfeifer, Pfeifer, Morgan & Stesiak, South Bend, IN,* for petitioner.
*Lara Ann Englund, U.S. Department of Justice, Washington, DC,* for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On October 9, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act"). Petitioner alleged that she sustained a shoulder injury related to vaccine administration ("SIRVA") from an influenza ("flu") vaccination she received on October 11, 2012. (Petition at 2). On August 14, 2017, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. (ECF No. 67).

  On February 20, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 74). Petitioner requests attorneys' fees in the amount of $10,881.80, attorneys' costs in the amount of $425.41, and attorney's costs in the amount of

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

$1,015.55 for costs incurred from the law firm of Burnes & Libman.  (*Id.* at 1.)  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. (*Id.* at 1). Thus, the total amount requested is $12,322.76.

On February 26, 2018, respondent filed a response to petitioner's motion.  (ECF No. 76).   Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  (*Id.* at 1).  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." (*Id.* at 2). Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." (*Id.* at 3).

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates, with the following exception regarding attorney costs requested.

Under the Vaccine Program, reasonable attorneys' fees and costs are limited to those "incurred in any proceeding on [a] petition." § 15(e)(1); *see also Krause v. Sec'y of Health & Human Servs.*, No. 01-93V, 2012 WL 4477431, at *6 (Fed. Cl. Spec. Mstr. June 20, 2012).  "[R]esearch conducted to explore petitioner's civil remedies . . . are not tasks related to the proceedings on this vaccine claim," and thus, should not be compensated. *Krause*, 2012 WL 4477431, at *6. Petitioner's counsel has submitted a cost request in the amount of $505.82, regarding a civil filing in Kane County Circuit Court and Sheriff Service and Mailings associated with the filing of that suit. (ECF No. 74-3).  These amounts are considered non-compensable as they were a part of a  a prior civil action and shall be deducted accordingly.  A request for costs in the amount of $25.00 for travel regarding Rebecca Rabin, (*Id.*) will also be deducted as it is unknown who Rebecca Rabin is and her association with this matter. Thus, the total amount reduced from the costs requested is $530.82.  Because these cost entries pertain to work from the law firm of Burnes & Libman, the deduction will be made from the total amount requested for Burnes & Libman.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and reduced costs.

**Accordingly, the undersigned awards the total of $11,791.94[3] as follows:**

- **A lump sum of $11,307.21, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Daniel H. Pfeifer; and**

- **A lump sum of $484.73, representing reimbursement for attorneys' costs, in the form of a check payable to petitioner and petitioner's counsel for work performed at Burnes & Libman.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.